## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| | : | |
| JOE CEDAR and MARIE VESTUTOR and on behalf of others similarly situated, | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| Plaintiffs, | : | **OPINION** |
| | : | |
| v. | : | Civil Action No.: 2:07-cv-00756 (DMC) |
| | : | |
| CENTEX HOMES, LLC and CENTEX CORPORATION, | : | |
| | : | |
| Defendants. | : | |
| | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendant Centex Homes, LLC ("Centex Homes"), to dismiss the third count of Plaintiffs', Joe Cedar and Mary Vestutor, ("Plaintiffs") Complaint for failure to plead fraud with sufficient particularity, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) and FRCP 9(b). In addition, Defendant Centex Homes moves to dismiss Plaintiffs' Complaint for lack of personal jurisdiction pursuant to FRCP 12(b)(2). No oral argument was heard pursuant to Rule 78 of the FRCP. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' motions to dismiss are **granted** without prejudice. Plaintiffs may move to amend their fraud pleading to comply with FRCP 9(b).

BACKGROUND

*Procedural*

Plaintiffs commenced this action against Centex Homes and Centex Corporation (collectively "Defendants") alleging strict liability, breach of implied warranty and violation of the New Jersey Consumer Fraud Act for failure to comply with building and fire codes. Plaintiffs also petition the Court for injunctive relief to stop Centex Homes from further building and development.

Plaintiffs filed their Complaint on January 8, 2007, alleging that Centex Homes and Centex Corporation built and continued to build thousands of defective residential homes that violated New Jersey fire proofing codes.  Plaintiffs further allege that Centex Homes engaged in unconscionable consumer practice, deception, fraud, false promise and/or misrepresentation in the building and sale of these homes.  Plaintiffs filed this suit on behalf of themselves and "on behalf of others similarly situated" pursuant to Rule 4:32-1.

Defendants filed a motion on March 6, 2007, to dismiss the third count of Plaintiffs' Complaint for failure to plead fraud with sufficient particularity or, in the alternative, for a more definite statement as to the third count of the Complaint pursuant to FRCP 12(b)(6) and 9(b). Defendants' motion also asks the Court to compel Plaintiffs to replead the allegations in the first, second and fourth counts of the Complaint with a more definite statements pursuant to FRCP 12(e).  Centex Corporation filed a motion to dismiss for lack of personal jurisdiction pursuant to FRCP 12(b)(2).

On May 18, 2007, Defendants withdrew the portion of its motion seeking a more definite statement as to the first, second and fourth counts of the Complaint.

*Factual History*

Centex Homes is involved in the construction and sale of one story, single family homes throughout the State of New Jersey.  They have been involved in the development of at least six communities with at least nine models constructed and sold at various times. (Compl. at  ¶¶ 2, 9, 22-24).

 Each residential unit sold by Centex Homes was inspected and received a certificate of occupancy from a host of different state authorized building inspectors.  (Defs.' Mem. Mot. Dismiss 5, 6).  The units sold were governed by differing construction, housing, and fire proofing codes ranging from the Building Officials and Code Administrators ("BOCA") prior to 2000 to the current International Residential Code ("IRC").  Id.  Both the BOCA and IRC were subject to substantial revisions and amendment during their period of governance.  Id.

Centex Corporation is a Nevada Corporation with its principal place of business in Texas. (Snyder Aff. ¶4).  Centex Corporation does not have any offices, employees, or conduct any business in New Jersey.  Id. Centex Corporation functions as a holding and parent company to various homebuilding companies, financial services providers and construction companies including Centex Homes.  Id. at ¶5.

Plaintiffs purchased a Raphael model home located at 9 Medici Drive, Manchester Township, Ocean County, New Jersey from Centex homes in 2001. (Compl. at  ¶ 3).  Plaintiffs allege that the house has multiple problems related to fire proofing.  More specifically, that the wall between the garage and habitable areas are not made from one hour fire proof material, that the attic was made from inappropriate materials and/or should have contained a partition, and that the retractable wooden staircase was not made from the correct variety of wood necessary to

prevent fire damage.  (Comp. at ¶¶21-24).  The house received a certificate of occupancy on

August 16, 2001, issued by the State of New Jersey (Defendants brief at Exh. B).

A<small>NALYSIS</small>

*Pleading Fraud*

Pursuant to FRCP 9(b), when pleading "all averments of fraud or mistake, the

circumstances constituting fraud or mistake shall be stated with particularity."   This special

heightened pleading standard is applied to all complaints involving accusations of fraud "to place

the defendants on notice of the precise misconduct with which they are charged, and to safeguard

defendants against spurious charges of immoral and fraudulent behavior." Seville Indust. Mach.

Corp. v. Southmost Mach. Corp., 742 F.2d 786 (3rd Cir. 1984).  See Naporano Iron & Metal Co.

v. American Crane Corp., 79 F.Supp.2.d 494, 511 (D.N.J. 1999) (noting that an allegation that

falls under the New Jersey Consumer Fraud Act N.J.S.A. §56:8-1 must follow the pleading

standard set forth in FRCP 9(b)).

FRCP 9(b) requires a level of particularity in the pleading stages not normally required

under the liberal pleading standards of FRCP 8(a).   The requirements may be satisfied by

including specifics such as the date, place or time of the fraud or, if that is impossible, the liberal

interpretation of 9(b) allows a plaintiff to use any alternative means that provides substance to a

fraud allegation.  Id.   A plaintiff must still present factual allegations of relevant material.  See

re Prudential Ins. Co. of Am. Sales Practices Litig., 975 F.Supp (noting that a Third Circuit Court

dismissed a fraud claim because the plaintiff failed to present particularized allegations of fraud.

While the court asserted that it was not necessary to attach documents that proved the fraud,

specificity was still required). "[P]leadings must contain some grounding in specific factual

allegations; mere conclusory statements will not suffice." In re Prudential Ins. Co. of Am. Sales

Practices Litig., 975 F.Supp. 584, 595 (D.N.J. 1997).

FRCP 9(b) also demands that fraud must be pleaded with respect to each defendant.  This requirement ensures that each defendant is notified of their alleged misconduct, allowing them to properly protect themselves and provide an effective defense.  Naporano, 79 F.Supp.2.d at 511.

Plaintiffs did not plead fraud with the degree of particularity required to satisfy FRCP 9(b).  In the third count of the Complaint, Plaintiffs fail to identify the circumstances that gave rise to the claim of fraud.  Plaintiffs did not meet the high threshold that this Circuit and others have established for violations of the New Jersey Consumer Fraud Act.  Plaintiffs simply state that,

> [i]n failing to disclose to the Plaintiff Class the defective nature of the homes sold to them, as well as in selling homes that did not meet state-mandated standards, the defendants engaged in an unconscionable commercial practice, deception, fraud, false promise and/or misrepresentation in connection with the sale of such homes by them to the Plaintiff Class.  Such conduct constitutes a violation of the New Jersey Consumer Fraud Act, specifically N.J.S.A. 56:8-2.  (Complaint at ¶28).

Plaintiffs neglect to specify the New Jersey building code that Defendants allegedly violated or the specific nature of the alleged fraudulent act.  The purpose of FRCP 9(b) is to put the defendant on notice of the plaintiff's causes of action against them and to protect a defendant's reputation from false charges.  These requirements, even when liberally construed, must still be satisfied.  Plaintiffs fails to give reference to any actual conduct or circumstances and fail to include substance in their allegations. Plaintiffs have not satisfied FRCP 9(b).

Pursuant to FRCP 15(a), leave to amend "shall be freely given when justice so requires".  While the Plaintiffs current fraud complaint lacks sufficient detail to satisfy the fraud pleading

standard, Plaintiff may move to amend their complaint and plead fraud in a manner consistent with FRCP 9(b).  See Naporano, 79 F.Supp.2d at 512.

*Personal Jurisdiction*

Federal courts are courts of limited jurisdiction and may only sit in judgment when granted the power to do so.  Pursuant to the FRCP and judicial tradition, a plaintiff must establish personal jurisdiction beyond a preponderance of the evidence before proceeding against a named defendant.  Asahi Metal Ind. Co. v. Superior Court of Cal., Solano Co., 480 U.S. 102, 114 (1987).  Absent proof of personal jurisdiction, a federal court cannot hear a case regardless of subject matter jurisdiction, otherwise, continuing litigation would "offend traditional notions of fair play and substantial justice."  International Shoe Co. v. Washington 326 U.S. 310, 316 (1945).

Pursuant to the New Jersey Long Arm Statute, a federal court can establish personal jurisdiction over a nonresident defendant and satisfy due process only when that defendant has contact with the forum state.  Id.  Personal jurisdiction may be specific or general in nature depending on the amount of contact that the defendant has with the forum.  Specific jurisdiction requires minimum contact with the state and that the cause of action arises from the defendant's activities in the forum.  Hanson v. Denckla, 357 U.S. 235, 253 (1958), Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984).  General jurisdiction exists only when the defendant's contacts in the forum state are "continuous and systematic"and requires a rigorous burden of proof.  Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 445 (1952).

Personal jurisdiction does not exist over Centex Corporation.  Plaintiffs fail to establish specific jurisdiction over Centex Corporation because the events that gave rise to this lawsuit do

not concern Centex Corporation.  Plaintiffs have not met their rigorous burden of proof to establish that Centex Corporation's contacts with the State of New Jersey rose to the level necessary to establish general jurisdiction.

Plaintiffs first argue that personal jurisdiction exists over Centex Corporation because Centex Corporation is one of the United State's largest home builders with operations twenty-five states.  The reach of Centex Corporation's business is insufficient to establish general jurisdiction.  Additionally, Plaintiffs argue that personal jurisdiction should exist with relation to this transaction because Centex is "wholly owned subsidiary" of the Corporation.  While it may be true that Centex Homes is a subsidiary of Centex Corporation, a plaintiff must state something more than mere ownership of another company for a court to be able to assert personal jurisdiction over a defendant.  Gaul v. Zep Manufacturing Company, 2004 WL 1171210 (E.D.Pa. 2004).  This Court does not have personal jurisdiction over Centex Corporation.

Plaintiffs asks for jurisdictional discovery.  In re Nazi Era Cases Against German Defendants Litigation, 320 F.Supp.2d 204, 213 (D.N.J. 2004).  Jurisdictional discovery is a process that allows a plaintiff to move for a discovery phase and examine possible contacts that a defendant may have with a forum state.  Id.  The Third Circuit has allowed jurisdictional discovery when a plaintiff is able to show in its allegations "reasonable particularity suggesting facts may exist that will support the exercise of personal jurisdiction over the Defendant." Toys R Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456 (3$^d$ Cir. 2003).  If a personal jurisdiction claim is frivolous, unfounded or unsupported, jurisdictional discovery will not be allowed.  See American Centennial Ins. Co. v. Handal, 901 F.Supp. 862, 898 (D.N.J. 1995).

This Court finds Plaintiffs' allegations insufficient to warrant jurisdictional discovery.  Id.

Plaintiffs cannot show that this Court may have, or upon further examination, will have any basis for personal jurisdiction over Centex Corporation. Centex Corporation has provided an affidavit stating that it has never conducted any business in the state of New Jersey and is not licensed to do business in the state. This Court finds no basis for allowing jurisdictional discovery.

CONCLUSION

Pursuant to the FRCP and judicial precedent, this Court refuses to allow fraud to be pleaded in the manner that denies fair notice and protection to the defendant. Similarly, for the reasons stated, it is the finding of this court that Plaintiffs have not met their burden of proof to satisfy due process and assert personal jurisdiction over Defendant Centex Corporation. This court refuses to allow for a period of jurisdictional discovery when it is clear that Defendant Centex Corporation has no contact with the forum state. Defendants' motions to dismiss are **granted** without prejudice. Plaintiffs  may move to amend their fraud pleading to comply with FRCP 9(b). An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Hon. Dennis M. Cavanaugh, U.S.D.J.

Dated:   August 20, 2007